# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 12 |
| **CROOKED CREEK CORP.** | ) |
| | ) Bankruptcy No. 09-02352 |
| Debtor. | ) |
| | ) |
| **CROOKED CREEK CORP.,** | ) |
| | ) |
| Plaintiff, | ) Adversary No. 09-9093 |
| | ) |
| v. | ) |
| | ) |
| **PRIMEBANK** and | ) |
| **OYENS FEED & SUPPLY, INC.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION FOR SANCTIONS

Oyens Feed & Supply, Inc. ("Oyens") brought a second Motion for Sanctions against Primebank for its failure to comply with the Court's discovery order. After a telephonic hearing on October 18, 2013, this Court denied Oyens' first Motion for Sanctions without prejudice. Oyens filed a second Motion for Sanctions on January 6, 2014. The Court held a hearing on December 9, 2014. Joel Vos appeared on Oyens' behalf, and Scott Sandberg appeared on Primebank's behalf. The Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## STATEMENT OF THE CASE

Oyens asserts that the Court should sanction Primebank under Fed R. Civ. P. 37 for its failure to obey a discovery order. Primebank argues that its failure to comply with the discovery order was a mistake and that Oyens has not suffered prejudice. The Court finds that Primebank's failure to comply was not a mistake, Oyens did suffer prejudice, and therefore Primebank will be sanctioned in the amount of Oyens' reasonable attorney fees.

## FINDINGS OF FACT

Debtor Crooked Creek Corporation owns a livestock operation. Debtor filed a voluntary Chapter 12 bankruptcy petition on August 18, 2009. Both Oyens and Primebank claimed conflicting liens on Debtor's livestock. Debtor filed this adversary on August 20, 2009 to determine the priority of the conflicting liens. Trial for the adversary took place on April 24–25, 2014. The Court entered an order and judgment on October 21, 2014.

In preparation for trial of the adversary proceeding, Oyens served discovery requests on Primebank for information on Primebank's dealings with the guarantors of Debtor's debt, Ricke and Marian Langel (the "Guarantors"). Oyens sought to find out how much the Debtor owed Primebank in order to prepare for trial. Oyens specifically requested that Primebank:

> 7. State whether Primebank has taken any action to enforce any personal guarantees of the Debtor's debt . . . by Ricke and/or

> Marian Langel, or has received any payment from Ricke and/or
> Marian Langel of any debt owed Primebank by the Debtor. If
> Primebank has received any payment . . . state the date . . . and
> the amount . . . .
>
> 8. State whether Primebank has extended credit to Rick Langel
> and/or Marian Langel subsequent to the filing of the . . .
> bankruptcy in order to allow Ricke Langel and/or Marian
> Langel to pay amounts owed by Ricke Langel . . . on their personal
> guarantees . . . . If yes, state the date of extension of credit and
> the amount . . . .

Def.'s Mot. to Compel, ECF No. 69, at 13–14. Primebank initially refused to answer those requests.

Oyens then filed a Motion to Compel Primebank to Answer Interrogatories and Satisfy Requests for Production on September 25, 2012. Primebank resisted the Motion. Oyens filed a Reply. In the Reply, Oyens pointed out the Guarantors gave mortgages to Primebank and attached copies. Primebank acknowledged its dealing with the Guarantors, but stated that it did not believe Oyens was entitled to those documents.

The Court granted Oyens' Motion to Compel in relevant part on March 28, 2013. In granting the motion, the Court ordered Primebank to produce information on its dealings with the Guarantors. Primebank responded to Oyens by stating Primebank had no such documents in its possession. This response turned out to be untrue and has led directly to the issue pending before this Court.

3

Oyens did not learn that Primebank's statements were untrue until October 2013, after speaking with the Guarantors about testifying at trial. Oyens learned that Primebank entered into multiple transactions with the Guarantors on December 29, 2009. The Guarantors received three loans from Primebank, in the amounts of $2,200,000.00, $565,818.00, and $358,841.00. These amounts were believed to be the total amount owed to Primebank by the Guarantors as individuals and in their capacity as Debtor's Guarantors. Primebank admitted that the purpose of these loans was to satisfy both the Guarantors' personal debt and their guarantor liabilities.

After learning of the December 2009 transactions, Oyens subpoenaed the Guarantors' documents. Primebank finally produced them on October 15, 2013. Oyens filed an initial Motion for Sanctions against Primebank on October 16, 2013. The Court denied that motion without prejudice on October 18, 2013 to allow more time for discovery. Oyens then made additional discovery requests on October 21, 2013. Primebank provided responses including payment history on the December 2009 loans.

Oyens filed this second Motion for Sanctions on January 6, 2014, again alleging that Primebank failed to disclose certain documents relating to Primebank's December 29, 2009 transactions with the Guarantors. Primebank responded and stated that it did not initially turn over these documents because it

misinterpreted the request. Primebank stated that it thought the request only applied to loans "from which monies had actually been applied to the Debtor's loans." Primebank asserts that the omission was not done in bad faith.

Primebank asserts that this mistake was cured entirely after it produced all of the relevant documents in October 2013. Oyens' arguments focus on the initial failure to turn over the documents relating to the December 2009 loans to the Guarantors, and the costs and prejudice relating to that untrue answer of Primebank. Oyens points out that during the deposition of Ross Harden, the Senior Vice President of Primebank, he stated that Primebank did in fact have all the documentation for the December 2009 transactions. When asked why those documents were not provided when requested, Harden replied, "[w]hat we did was on the advice of counsel."

Oyens asserts that this and other evidence establish that the failure to produce the documents when requested was not a mistake. Primebank maintains that this failure to produce the documents was a mistake based on a misunderstanding of the language of the request. Primebank points out that it subsequently undertook efforts to correct that mistake. Further, Primebank admits that it only provided these documents to counsel after Oyens' comprehensive discovery requests in October 2013. Primebank's counsel thus points out it did not

5

have—or even know of—the documents until after the Motion for Sanctions was filed.

Oyens asserts Primebank intentionally frustrated discovery and misled the court by its refusal and/or inability to distinguish between the documents requested and other material. In particular, portions of the December 2009 loans that were personal debt of the Guarantors and the portions that represented guaranty obligations for the Debtor's debt, and by overstating the amount they were owed by the Debtor. The December 2009 transactions were structured in a way that made it difficult to tell which amounts were personal debt and which were guaranty obligations. Oyens asserts that all of this misrepresentation and failure to clarify the facts made it much more difficult to prepare for trial and added considerable expense to the proceedings.

Oyens requests monetary sanctions based on Primebank's failure to disclose these facts and documents. It requests monetary sanctions to compensate for the prejudice to its ability to prepare for trial and the significantly increased costs related to additional time and legal fees that were attributable to Primebank's fault. Oyens points out it did not learn of the December 2009 transactions until well after Primebank had filed a Motion for Summary Judgment that dramatically overstated the amount Debtor still owed them. Oyens asserts that Primebank's failure to disclose impaired Oyens' ability to determine the factual merits of Primebank's

6

claim. Primebank counters by noting only that Oyens did eventually receive proper responses before trial and thus, there was no real prejudice. The issues for this Court to decide are whether Primebank simply made a mistake when it disobeyed the discovery order, and whether Oyens was prejudiced by this mistake.

## DISCUSSION

Oyens claims that Primebank disobeyed this Court's discovery order and that Oyens suffered prejudice in the form of increased attorney fees and time spent on the case. Primebank admits that it failed to properly comply with a discovery order, but claims that its initial failure to disclose was a mistake. It claims it remedied the mistake, and that Oyens was not prejudiced in its preparation of the case for trial. Oyens asks for discovery sanctions in the form of attorney fees and an additional $25,000 fine against Primebank.

### I. Discovery sanctions under Fed. R. Civ. P. 37

A federal court may consider collateral issues such as sanctions after an action is no longer pending. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990). Because compliance with a discovery order is at issue, Federal Rule of Civil Procedure 37 applies. Rule 37(b)(2)(A) provides that a court may issue sanctions when a party fails to obey a discovery order. Fed. R. Civ. P. 37.

Apart from the power granted in Rule 37, courts also have an "inherent power . . . to levy sanctions in response to abusive litigation practices." Roadway

7

Exp., Inc. v. Piper, 447 U.S. 752, 765 (1980). A court may invoke this inherent power even if procedural rules exist that allow for sanctions on the same conduct. Chambers v. NASCO, Inc., 501 U.S. 32, 49 (1991). The "primary aspect of that [power] is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Id.

The Supreme Court has recognized that "a court may assess attorney's fees as a sanction for the willful disobedience of a court order." Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258 (1975) (quoting Fleischmann Distilling Corp v. Maier Brewing Co., 386 U.S. 714, 718 (1967)) (internal quotation mark omitted). A court may also award attorney's fees when a party has acted in bad faith. Id.

The Court need not rely on its inherent power here because Rule 37(b)(2)(C) states that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37. Primebank has admitted it did not disclose the required documents when it should have after the Court's discovery order on Oyens' Motion to Compel. That alone, under Rule 37(b)(2)(C), is enough for an award of attorney's fees as long as the failure was not justified and there are no circumstances that would make it unjust.

8

Primebank argues that there should be no sanction because the failure to disclose was a mistake. It also argues that Oyens suffered no prejudice because Primebank rectified that mistake before trial and did not affect the merits of the case. Rule 37 places the burden on the disobedient party to show that its failure to comply with the court order is justified or that some circumstances make an award of fees unjust. Fed. R. Civ. P. 37.

**A. Primebank's failure to disclose was not a reasonable mistake.**

The Court will first address Primebank's argument that its failure to comply with the Court's order was substantially justified because it made a reasonable mistake. The Court finds that the failure to comply was not a reasonable mistake, and therefore was not substantially justified.

Oyens requested information from Primebank related to its dealings with the Guarantors. Specifically, Oyens requested that Primebank "[p]roduce copies of all loan agreements, promissory notes . . . or other loan documents . . . entered into by Primebank and the guarantors after the date of filing."

Primebank initially simply declined to answer. Oyens had to file a Motion to Compel, which this Court granted in relevant part on March 28, 2013. Primebank's compelled response to Oyens was simply that it had no such documents. Primebank did not make an honest or proper disclosure of the relevant documents until Oyens subpoenaed them. Oyens only learned of the documents

9

after speaking with the Guarantors in October 2013—in preparing for trial. Primebank's claim it misunderstood the interrogatories is based on its alleged belief Oyens was only asking for "loans from which monies had actually been applied to the Debtor's loans, or to new loans made specifically to fund guaranty obligations." Objection re: Motion for Sanctions, ECF No. 129, at 3. On its face, this argument is difficult to believe.

Oyens has, however, produced specific and compelling evidence that Primebank knew which documents Oyens sought before the Motion to Compel was even filed. In the documents supporting the Motion, Oyens demonstrated it was already aware of the mortgages given by the Guarantors to Primebank. Oyens even attached copies of the mortgages and asked for more information. As part of its response, Primebank filed a Motion for Protective Order. In documents supporting that request, Primebank acknowledges that Oyens wanted documents relating to Primebank's dealings with the Guarantors. Primebank's position was not that it was confused by the request or needed clarification, Primebank simply did not believe Oyens was entitled to receive those documents.

The Court concludes Primebank understood which documents Oyens was trying to obtain. Primebank intentionally withheld them from Oyens. Primebank understood the nature of the discovery request, failed to comply with this Court's discovery order, and did not make a reasonable mistake.

### B. Oyens suffered prejudice by Primebank's failure to comply.

Primebank also argues that a lack of prejudice to Oyens makes an award of attorney's fees under Rule 37 unjust. Primebank bears the burden of proving these special circumstances exist that would make an award of attorney's fees unjust. Fed. R. Civ. P. 37. "In the context of Rule 37(b)(2) motions 'prejudice' exists if the failure to make discovery impairs the opponent's ability to determine the factual merits of the party's claim." Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992). The Court finds that Primebank did prejudice Oyens, and no other special circumstances exist that would make an award of attorney's fees unjust.

Oyens suffered prejudice in the form of spending significant extra attorney's fees in order to determine the true factual merits of Primebank's claim and properly prepare for trial. Primebank argues that it cured any problems by eventually sending Oyens the correct documents. It claims Oyens had the documents in time for trial and, therefore, there was no prejudice. The Court finds this argument to be unpersuasive.

Oyens properly sought information on the factual merits of Primebank's claim. It was improperly denied that information and left for a good part of its preparing for trial not knowing the real details of the December 2009 Guarantor transactions. They incurred extra legal fees, both in the added preparation time and

in pursuing the Motion to Compel, First Motion for Sanctions, and this Second Motion for Sanctions. The fact that Primebank did eventually turn over the relevant documents after Oyens subpoenaed them does not erase the extra time, effort, and costs. Primebank's misconduct forced Oyens to unnecessarily incur those costs to track down information that Primebank knew it had and was required to produce.

Here, the Court finds that Primebank's failure to disclose was not a reasonable mistake, and therefore not justified. The Court also finds that Oyens was prejudiced as a result of that failure and there are no other circumstances that would make an award of attorney's fees unjust. Oyens has filed two affidavits listing their attorney's fees for this issue as $17,763.50 total. Therefore, Primebank will pay $17,763.50 for Oyens' reasonable attorney's fees related to the failure to comply with the Court's discovery order.

### C. Oyens' Request for Additional Penalty of $25,000

Oyens also asks for an additional fine against Primebank for $25,000. Courts have an "inherent power . . . to levy sanctions in response to abusive litigation practices." Roadway Exp., Inc. v. Piper, 447 U.S. 752, 765 (1980). These sanctions may include a "fine to be levied on the defendant." Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258 (1975). A court's inherent power to sanction is very powerful, and therefore must be used with

restraint and discretion. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Id. The Court finds that no additional monetary sanction is warranted.

Oyens suffered prejudice in the form of extra time and expenses. The Court believes that prejudice is adequately remedied by the award of attorney's fees. The Court does not believe that Primebank's conduct was egregious enough to warrant an additional fine. Primebank's conduct caused Oyens to incur extra costs. It did not permanently conceal matters critical to the merits of the case. While another function of discovery sanctions is deterrence, the Court does not feel that an additional fine is needed to accomplish that goal. Paying the other side's attorney's fees is a significant sanction, and one appropriately crafted for Primebank's conduct. Therefore, the Court denies Oyens' request for an additional fine against Primebank.

## CONCLUSION

The Court finds that Primebank failed to comply with a discovery order, the failure was not justified, and there are no circumstances that make a sanction unjust.

Case 09-09093 Doc 190 Filed 04/13/15 Entered 04/13/15 15:33:45 Desc Main
Document Page 14 of 14

**WHEREFORE**, Primebank shall be required to pay $17,763.50 for Oyens' reasonable attorney's fees related to the failure to comply with the Court's discovery order under Fed. R. Civ. P. 37(b)(2)(C).

Dated and Entered:

April 13, 2015

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE